IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,159-01 & WR-77,159-02






EX PARTE TAMINA DENISE HAMID, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 06-DCR-044560 & 06-DCR-044650


 IN THE 434TH JUDICIAL DISTRICT COURT

FROM FORT BEND COUNTY




 Per curiam. Alcala, J., not participating.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one charge
of aggravated robbery, and one charge of attempted capital murder, and was sentenced to life
imprisonment. The First Court of Appeals affirmed her convictions. Hamid v. State, Nos. 01-08-00710-CR, 01-08-00711-CR (Tex. App. - Houston [1st Dist.], October 1, 2009, pet. ref'd).

 Applicant contends, inter alia, that her trial counsel rendered ineffective assistance because
counsel failed to confer with her prior to trial, failed to investigate or interview witnesses, failed to
file pre-trial motions for discovery, motions in limine, or motions to suppress evidence, failed to
communicate a plea offer to her after her co-defendant was convicted, allowed her to be brought
before the jury panel in jail clothing and restraints, needlessly called her to the stand and allowed the
introduction of extraneous offense evidence, failed to object to victim impact evidence during the
guilt/ innocence phase, failed to object to improper argument by the prosecutor, failed to object to
jury misconduct, failed to object to hearsay testimony, and conceded Applicant's guilt during closing
arguments. 

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's trial counsel responding to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a copy of the trial record in these
two cases. The trial court shall then make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 21, 2012

Do not publish